NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

ERNEST GARDUNO, *Petitioner*.

No. 1 CA-CR 22-0398 PRPC
FILED 3-23-2023

Petition for Review from the Superior Court in Navajo County
No. CR202000114
The Honorable Joseph Samuel Clark, Judge

**REVIEW GRANTED; RELIEF GRANTED**

COUNSEL

Navajo County Attorney's Office, Holbrook
By Bradley W. Carlyon
*Counsel for Respondent*

Ernest Garduno, Florence
*Petitioner*

---

**MEMORANDUM DECISION**

Judge Anni Hill Foster delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Randall M. Howe joined.

---

**F O S T E R**, Judge:

¶1         Ernest Garduno petitions this court for review from the summary dismissal of his petition for post-conviction relief. We have considered the petition for review and, for the reasons stated, grant review and grant relief.

¶2         Garduno pled guilty to attempt to commit possession of narcotic drugs for sale and was sentenced according to the terms of the plea agreement on March 30, 2021. At sentencing, the superior court advised Garduno of his post-conviction relief rights and Garduno acknowledged that he received a written copy of those rights. On April 8, 2021, Garduno's counsel requested to withdraw and that request was granted by the superior court on May 20, 2021. The deadline for filing a notice of post-conviction relief was June 28, 2021. It was almost a year later, on April 18, 2022, that Garduno filed a notice of post-conviction relief claiming that the failure to file a timely notice was not his fault. *See* Ariz. R. Crim. P. 33.1(f). The court summarily dismissed the notice as untimely and also dismissed a motion for reconsideration. This timely petition for review follows.

¶3         On review, Garduno again argues that his failure to file a timely notice of post-conviction relief is not his fault. In the superior court proceedings, Garduno stated that his trial attorney said he would file a notice of post-conviction relief because Garduno could end up missing the deadline due to special COVID-19 protocols and lockdowns upon entering the prison system.

¶4         We review a superior court's summary dismissal for an abuse of discretion. *State v. Swoopes*, 216 Ariz. 390, 393, ¶ 4 (App. 2007). Claims raised under Rule 33.1(b) through (h) must be filed within a reasonable time after discovering the basis for the claim. Ariz. R. Crim. P. 33.4(b)(3)(B). If a claim under Rule 33.1(b) through (h) is raised in an untimely proceeding, then "the defendant must explain the reasons . . . for not raising the claim in a timely manner." Ariz. R. Crim. P. 33.2(b)(1). A defendant is entitled to

relief under Rule 33.1(f) "if the trial court failed to advise the defendant of his right to seek of-right post-conviction relief or if the defendant intended to seek post-conviction relief in an of-right proceeding and had believed mistakenly his counsel had filed a timely notice or request." *State v. Poblete*, 227 Ariz. 537, 539, ¶ 6 (App. 2011).

**¶5**        Garduno claims he believed that his trial attorney would file a timely notice. Garduno claims that when he discovered that no notice had been filed in April 2022, he immediately filed a notice under Rule 33.1(f) requesting that his untimely notice be excused. The superior court's ruling erred in stating that "Defendant has never had Post-Conviction Counsel appointed to file the Notice on his behalf." This was not Garduno's argument, and the ruling was not based on the information provided in the notice. "The preclusion rules exist to prevent multiple post-conviction reviews, not to prevent review entirely." *State v. Rosales*, 205 Ariz. 86, 90, ¶ 12 (App. 2003).

**¶6**        For the reasons stated, this court grants Garduno's petition for review and grants relief. The trial court's order dismissing the notice of post-conviction relief is vacated. This matter is remanded to the trial court to consider the notice of post-conviction relief as if it had been timely filed.



AMY M. WOOD • Clerk of the Court
FILED:    AA